# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREGORY WILSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-15-1026-R |
| ANTHONY HENRY, et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Gregory Wilson, a pro se prisoner, filed a Complaint under 42 U.S.C. § 1983 naming nine defendants, *see* Compl., Doc. No. 1, at 1-3,[1] and a document the Court has construed as a Supplement to the Complaint, naming two additional defendants. *See* (Untitled) Suppl., Doc. No. 8, at 1. Plaintiff has also submitted additional evidence. *See id.*; *see also* Letter, Doc. No. 18; Notice, Doc. No. 20. For clarity, the Court considers Doc. Nos. 8, 18, and 20 as incorporated into the Complaint. Finally, Plaintiff has filed two motions for preliminary injunction. *See* Pl.'s Mot. Prelim. Inj., Doc. No. 6; Pl.'s Mot. Prelim. Inj., Doc. No. 7. United States District Judge David L. Russell has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b). The undersigned recommends the Court dismiss the Complaint on screening and deny both motions for preliminary injunction.

---

[1] Citations to documents refer to this Court's CM/ECF electronic filing system. When quoting from the Complaint and other handwritten filings, the undersigned has occasionally altered the capitalization to improve readability.

ANALYSIS

A.  *Obligation to Screen the Complaint*

Because Plaintiff is proceeding *in forma pauperis* (Doc. No. 5), the Court is obligated to review and dismiss the Complaint, or any portion of it, which is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007) (indicating that the Court employs the same analysis for judging a complaint's sufficiency whether performed sua sponte or pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)). In addition, the Court has an independent duty to consider any jurisdictional issues. *See* Fed. R. Civ. P. 12(h)(3); *see, e.g., Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter 'springs from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" (alteration omitted) (quoting *Mansfield, C. & L. M. Ry. v. Swan*, 111 U.S. 379, 382 (1884))); *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) ("Federal courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party, and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation." (internal quotation marks omitted)).

B.  *Application of Screening Requirement to Plaintiff's Complaint*

Plaintiff sues 11 individuals, including three private citizens, one firefighter, and seven police officers from various police departments. *See* Compl. at 1-6; Suppl. at 1.

According to Plaintiff, he was involved in a car accident on May 22, 2012, and Defendants conspired to manipulate and falsify evidence, which resulted in "Plaintiff being given [25] years for murder, with life probation" for "vehic[u]lar homicide." Compl. at 3, 5-6, 8-9. The undersigned judicially notices[2] that in Oklahoma County District Court, Case No. CF-2012-6866, Plaintiff pled guilty on December 20, 2013, to the charges of murder in the second degree and causing an accident while driving a vehicle without a valid driver's license, with each charge referencing a May 22, 2012 offense date. *See* Oklahoma Supreme Court Network, Okla. Cnty. Dist. Ct. Case No. CF-2012-6866.[3] Plaintiff did not appeal. *See id.*

1. Claims Against Non-State Actors

Plaintiff asserts claims against three private citizens: (1) Anthony Henry, the driver of the other car involved in the accident; (2) James Johnson, an "AAAA Wrecker" tow truck driver; and (3) M. Alexander, a registered nurse at OU Medical Hospital who drew Plaintiff's blood. *See* Compl. at 1-2. These claims should be dismissed for lack of subject-matter jurisdiction.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege sufficient facts to plausibly show that a person acting under color of state law has violated or is violating the plaintiff's federal rights. *See* 42 U.S.C. § 1983; *Pahls v. Thomas*, 718 F.3d 1210,

---

[2] *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand" (internal quotation marks omitted)).

[3] http://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=CF-2012 6866&cmid=2929123 (last visited May 26, 2016).

1225 (10th Cir. 2013). Establishing that a defendant acted "under color of state law" is a jurisdictional requisite. *See, e.g., Polk Cnty. v. Dodson*, 454 U.S. 312, 315 (1981) (noting that establishing the defendant "acted 'under color of state law'" is "a jurisdictional requisite for a § 1983 action"). "Section 1983 was enacted to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Haines v. Fisher*, 82 F.3d 1503, 1508 (10th Cir. 1996) (internal quotation marks omitted)). Thus, "[t]he traditional definition of acting under color of state law requires that the defendant in a § 1983 action exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* (internal quotation marks omitted).

To establish that a private citizen was acting under color of state law, a plaintiff generally must show that the individual was a "willful participant in joint action with the State or its agents." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1511, 1157 (10th Cir. 2016) (internal quotation marks omitted). To establish this "concerted action," the plaintiff may allege either that: (1) state actors and private citizens "share[d] a common, unconstitutional goal"; or (2) that "there [was] a substantial degree of cooperative action between state and private officials" or "overt and significant state participation." *Id.* (internal quotation marks omitted). In either case, Plaintiff's claim must rest on specific facts; conclusory assertions that private citizens and state actors conspired or cooperated are insufficient to attribute state-actor status to private individuals. *See, e.g., Olson v. Carmack*, No. 15-3282, 2016 WL 683951, at *4 (10th Cir. Feb. 19, 2016) (finding

4

plaintiff did not show private citizens were acting under color of state law because "although this color-of-state-law requirement can be established by allegations that a private actor conspired with a state actor, the amended complaint is devoid of any factual allegations, as opposed to unsupported conclusions, that the [private citizens] reached an agreement with a state actor to violate [plaintiff's] constitutional rights" (citation omitted)); *Gross v. Samudio*, 630 F. App'x 772, 777 (10th Cir. 2015) ("A plaintiff asserting that a private actor deprived him of a constitutional right while acting under of color of state law must rely on more than conclusory allegations to state such a cause of action . . . .").

Plaintiff's Complaint is devoid of any factual allegations that would support a plausible claim that any of the three private-citizen Defendants was a willful participant in joint action with state actors. With respect to Defendants Johnson and Alexander, Plaintiff simply states—with no explanation or support—that they acted in joint participation with State officials. *See* Compl. at 2. With respect to Defendant Henry, Plaintiff does not even make an equivalent, conclusory allegation. The Court therefore lacks subject-matter jurisdiction to hear Plaintiff's § 1983 claims against Defendants Henry, Johnson, and Alexander. *See Olson*, 2016 WL 683951, at *4; *see also Bruning v. City of Guthrie*, No. CIV-15-0003-HE, 2016 WL 247586, at *4 (W.D. Okla. Jan. 20, 2016) (holding plaintiff's conclusory allegations were insufficient to show private citizen acted under color of state law and dismissing claim).

2. *Heck v. Humphrey* Bar

For the remaining claims, dismissal is warranted because Plaintiff may not recover damages in a § 1983 suit for conduct that would "render [his] conviction or sentence invalid" unless he first proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).[4] Plaintiff alleges Defendants manipulated and fabricated evidence, a contention that if true would necessarily imply the invalidity of his state-court criminal conviction. *See, e.g., Quarterman v. Crank*, No. 00-8015, 2000 WL 988312, at *1 (10th Cir. July 6, 2000) (affirming the district court's dismissal under *Heck* because allegation that defendants used planted evidence would "implicate the validity of [the plaintiff's] conviction").

Plaintiff did not appeal in state court the convictions he says were the result of false evidence, and has not alleged in this Court that those convictions have been reversed, expunged, or otherwise invalidated. Under *Heck*, Plaintiff's § 1983 claims are premature and will remain so until the convictions are invalidated. Except as to those claims for which the Court has no subject-matter jurisdiction, Plaintiff's claims should be dismissed without prejudice for failure to state a claim upon which relief may be granted. *See Mendia v. City of Wellington*, 432 F. App'x 796, 798 n.1 (10th Cir. 2011) (noting that

---

[4] If the Court had subject-matter jurisdiction to hear Plaintiff's § 1983 claims against Defendants Henry, Johnson, and Alexander, those claims would also be subject to dismissal under *Heck*.

"a dismissal under *Heck* is for failure to state a claim, which falls under Rule 12(b)(6)" and "is without prejudice").

C.  *Plaintiff's Motions for Preliminary Injunction*

Plaintiff filed two motions for preliminary injunction. In the first, Plaintiff seeks to enjoin Defendants from selling or transferring any personal or commercial property to avoid paying the damages Plaintiff hopes to recover through this action. *See* Pl.'s Mot. Prelim. Inj. (Doc. No. 6). In the second, Plaintiff seeks transfer of himself and another witness into federal custody to avoid retaliation for this action. *See* Pl.'s Mot. Prelim. Inj. (Doc. No. 7).

"'A preliminary injunction is an extraordinary remedy never awarded as of right.'" *Petrella v. Brownback*, 787 F.3d 1242, 1256 (10th Cir. 2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). Therefore, "the right to relief must be clear and unequivocal." *Id.* (internal quotation marks omitted). For entry of a preliminary injunction, the applicant generally must satisfy four elements: (1) a substantial likelihood that he or she will prevail on the merits; (2) irreparable harm unless the injunction is issued; (3) the harm from the threatened injury outweighs any harm that would be caused by the injunction; and (4) the absence of an adverse impact on the public interest. *Kikumura v. Hurley,* 242 F.3d 950, 955 (10th Cir. 2001).

Plaintiff's claims are subject to dismissal, as noted above, and his assertions of imminent, irreparable harm do not rise above speculation. The motions for preliminary injunction (Doc. Nos. 6, 7) should be denied. *See Conley v. McKune*, 529 F. App'x 914, 918 (10th Cir. 2013) ("At this stage, Mr. Conley has not shown a substantial likelihood of

success on the merits, and the district court's denial of the requested injunctive relief was therefore not an abuse of discretion."); *Pemberton v. Patton*, No. CIV-14-129-D, 2015 WL 1638638, at *33 (W.D. Okla. Apr. 13, 2005) ("Plaintiff's claims are subject to dismissal in their entirety. Plaintiff therefore cannot show 'a substantial likelihood of success on the merits' with respect to his constitutional claims, which are echoed in the motion for preliminary injunction."), *aff'd*, No. 15-6089, 2016 WL 286871 (10th Cir. Jan. 25, 2016).

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that: (1) Plaintiff's § 1983 claims against Defendants Henry, Johnson, and Alexander be dismissed without prejudice for lack of subject-matter jurisdiction; (2) Plaintiff's remaining § 1983 claims be dismissed without prejudice for failure to state a claim upon which relief may be granted; and (3) Plaintiff's motions for preliminary injunction (Doc. Nos. 6, 7) be denied. If these recommendations are adopted, the Court should also deny Plaintiff's pending motions for appointment of counsel (Doc. No. 9, 17), to allow service on the parties (Doc. No. 17), and for a copy of pleadings to "compare signatures" (Doc. No. 17).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by June 16, 2016, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate

review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 26th day of May, 2016.

*[signature]*

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE