# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GREGORY WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-15-1026-R |
| | ) | |
| ANTHONY HENRY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff filed this action pursuant to 42 U.S.C § 1983 alleging violation of his civil rights by both traditional state actors, that is certain police officers, and private individuals that he contends acted in concert with state actors to violate his civil rights. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) the matter was referred to United States Magistrate Judge Charles B. Goodwin for preliminary review. On May 26, 2016 Judge Goodwin issued a Report and Recommendation wherein he recommended that the action be dismissed without prejudice on two separate grounds. The matter is currently before the Court on Plaintiff's timely objection to the Report and Recommendation which give rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Plaintiff makes specific objection. Having conducted this review, the Court finds as follows.

The Court first notes that Plaintiff makes no objection to Judge Goodwin's recommendation that his claims against the Defendant Officers be dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), having failed to establish that his conviction has been reversed, expunged or otherwise invalidated. As such, those claims are subject to dismissal. With regard to Plaintiff's claims against Defendant Henry, Defendant Johnson and Defendant Alexander, Judge Goodwin correctly noted that even if Plaintiff had sufficiently pled facts that would support his

contention that these private citizens be treated as state actors that his claims would be precluded at this juncture by *Heck*. Again. Plaintiff does not challenge Judge Goodwin's determination that he cannot proceed with any claim that challenges the validity of his convictions, which these claims would do if permitted to proceed. Furthermore, with regard to Defendant Henry, who was the driver of the other automobile in the collision on May 22, 2012, Plaintiff's objection contains no facts that could be used to bolster his contention that Mr. Henry was a state actor. The same holds true for Defendant Johnson, the AAAA Wrecker driver. Plaintiff alleges no facts in his objection that could be broadly construed to support his contention that Defendant Johnson was a state actor or that he acted in concert with state actors such that he can be treated as a state actor for purposes of § 1983 liability.

With regard to Defendant M. Alexander, a nurse at OU Medical, Plaintiff alleges in his objection that she followed the instructions of Defendant Officer Majors by drawing blood from Plaintiff while he was unconscious, without consent or without him being under arrest. Even assuming that Plaintiff's new allegations would be sufficient to allege that M. Alexander was engaged in concerted activity with police, *see Brokers' Choice of America, Inc v. NBC Universal, Inc.*, 757 F.3d 1125, 1145 (10th Cir. 2014)(setting forth the two-step inquiry to determine whether a search by a private individual constitutes state action), Plaintiff did not object to Judge Goodwin's conclusion that any claim would be barred by *Heck v. Humphrey*.[1] As such, the Court finds that Plaintiff cannot prevail on a § 1983 claim against M. Alexander regardless of any supplemental facts set forth in the objection as to the issue of Alexander's status as a "state actor" for purposes of §

---

[1] Petitioner concedes he did not appeal his conviction following his guilty plea but that he is still perfecting his postconviction.

1983 liability. Because Plaintiff cannot now pursue his claims, the Court hereby denies Plaintiff's motion for the appointment of counsel (Doc. Nos. 9, 17), his motion for service (Doc. No. 17) and his request for a copy of pleadings (Doc. No. 17), as recommended by Judge Goodwin. Finally, Plaintiff has failed to establish that he is entitled to injunctive relief as requested in either of his motions (Doc. Nos. 6 and 7). Although Plaintiff objects to this portion of the Report and Recommendation, nothing in his objection convinces the Court that Judge Goodwin erred in recommending denial of either of his motions for injunctive relief. Accordingly, those motions are denied as well.

For the reasons set forth herein, the Report and Recommendation is hereby ADOPTED in its entirety and this action is hereby DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 22nd day of June, 2016.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE